IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| WARREN GABRIEL HALEY, ) | Case No. C 15-2119 PSG (PR) |
| ) | |
| Plaintiff, ) | **ORDER OF DISMISSAL WITH** |
| ) | **LEAVE TO AMEND** |
| v. ) | |
| ) | |
| CALIFORNIA FORENSIC MEDICAL ) | |
| GROUP, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Warren Gabriel Haley, a California inmate proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983.[1] The court has granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court dismisses the complaint with leave to amend.

**I.  DISCUSSION**

A.    Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner

---

[1] Plaintiff has consented to magistrate judge jurisdiction.  (Docket No. 3.)

Case No. C 15-2119 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

seeks redress from a governmental entity or officer or employee of a governmental entity.[2]  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.[3]  *Pro se* pleadings must, however, be liberally construed.[4]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law.[5]

B.   Plaintiff's Claim

On April 11, 2015, Haley was given the wrong medication despite telling medical staff that his medication always came in a capsule.  Haley was assured that the medication being offered was the proper one and that sometimes, it came in pill form.  As a result, Haley took the medication and suffered an allergic reaction.  The reaction caused permanent scarring to Haley's face and chest, and he because anxious and distrustful of medical staff.  The following morning, Haley pushed the emergency button.  Deputy Erion assisted Haley by notifying the nurse.  The nurse on duty told Deputy Erion to let the next shift nurse deal with it because it was close to a shift change.  Haley alleges that the California Forensic Medical Group was deliberately indifferent to his serious medical needs.

However, the California Forensic Medical Group is not a proper defendant.  Plaintiff does not name the individual nurse or medical staff member who gave him the incorrect medication or denied him medical treatment.  Section 1983 does not allow claims based on vicarious liability; in other words, the named defendant must have actually caused the

---

[2] *See* 28 U.S.C. § 1915A(a).

[3] *See* 28 U.S.C. § 1915A(b)(1), (2).

[4] *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[5] *See West v. Atkins*, 487 U.S. 42, 48 (1988).

Case No. C 15-2119 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

2

constitutional violation.  Therefore, Haley's claim against the entity, California Forensic Medical Group, as stated, is insufficient to state a cognizable Section 1983 claim.  While California Forensic Medical Group employees may be acting under state law,[6] Haley has not alleged sufficient facts to state a municipal liability claim against California Forensic Medical Group.[7]  Thus, the California Forensic Medical Group is DISMISSED.  Haley must name the proper individual medical defendants whom he alleges were deliberately indifferent to his serious medical needs.

In addition, Haley is advised that a prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.[8]  The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference."[9]  If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.[10]  At least as to Haley's claim that a medical staff member administered the wrong medication to him, that allegation appears to amount to no more than negligence, which is insufficient to state a

---

[6] *See Ancata v. Prison Health Services, Inc.*, 769 F.2d 700, 704-06 (11th Cir. 1985) (although county is responsible for providing and paying for the health services of jail inmates, the acts, policies and customs of the jail's delegated medical provider made within the scope of the provider's delegated responsibilities are thereby official acts, policies and customs); *see also Hagan v. California Forensic Medical Group et al.*, Case No. CIV. S-07-1095 LKK/DAD, 2009 WL 728465, *7 (E.D. Cal. 2009) (J. Karlton) ("[California Forensic Medical Group] employees have assumed a public function in providing medical care to inmates on behalf of the County.  In performing this function, they are state actors whose conduct is limited by the Eighth Amendment.").

[7] *See Price v. Stanislaus County Sheriff's Dept.*, Case No. 1:06-cv-00255-OWW-NEW (DLB) PC, 2007 WL 2572125, *2 (E.D. Cal. 2007) ("In light of notice pleading standards, plaintiff's allegation that the California Forensic Medical Group is a medical contractor at the jail is sufficient allow plaintiff to bring suit under section 1983 against it as if it is a local government unit.").

[8] *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

[9] *Id.*

[10] *See Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

Case No. C 15-2119 PSG (PR)
ORDER OF DISMISSAL WITH LEAVE TO AMEND

3

cognizable constitutional violation.[11]

For these reasons, Haley's complaint is DISMISSED with leave to amend if he can cure these deficiencies in good faith.

## II.  CONCLUSION

The court hereby orders as follows:

1. The complaint is DISMISSED with leave to amend. Haley shall file an AMENDED COMPLAINT within thirty days from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 15-2119 PSG (PR)) and the words AMENDED COMPLAINT on the first page. Haley may not incorporate material from the prior complaint by reference. Failure to file an amended complaint within thirty days and in accordance with this order will result in a finding that further leave to amend would be futile, and this action will be dismissed.

2. Haley is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint."[12] Defendants not named in an amended complaint are no longer defendants.[13]

3. It is Haley's responsibility to prosecute this case. He must keep the court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Fed. R. of Civ. P. 41(b).

IT IS SO ORDERED.

DATED:  9/4/2015

PAUL S. GREWAL  
United States Magistrate Judge

---

[11] *See Toguchi v. Chung*, 391 F.3d 1051, 1060-61 (9th Cir. 2004).

[12] *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

[13] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).